IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JESS A. CUMMINS, PLAINTIFF

v.  Case No. 06-2035

JO ANNE B. BARNHART,
Commissioner of the Social
Security Administration, DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Jess Cummins ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability insurance benefits and supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended and Title II, 42 U.S.C. § 401 *et seq*. Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to 42 U.S.C. § 405(g), judicial review is now appropriate. After reviewing the record, the Court AFFIRMS the decision of the Commissioner.[1]

## I. Background

Plaintiff in this case has not filed a brief, so the Court bases its decision upon a review of the pleadings and the record. The facts of this case are set forth in Defendant's Appeal Brief (Doc. 11). Additionally, the Administrative Law Judge's ("ALJ") decision within the administrative record sets

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

forth his findings and it will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve

months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can

perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff's Complaint alleges the ALJ's decision is not supported by substantial evidence and applies an erroneous standard of law. (Doc. 3, ¶ V). Plaintiff claims disability since 1976 based upon borderline intellectual functioning and attention deficit/hyperactivity disorder. However, the Plaintiff performed odd jobs for his family at least until 2005, and worked for a company outside of his family until 2001. The ALJ concluded that Plaintiff had no substantial gainful activity since the alleged onset of his disability. Likewise, he has no past relevant work.

The ALJ further concluded that Plaintiff has "severe" impairments from the borderline intellectual functioning and the attention deficit/hyperactivity disorder. However, these severe impairments did not meet or equal one of the impairments in Appendix 1, Subpart P, Regulations No. 4. Ultimately, the ALJ concluded the Plaintiff had no exertional limitations and was capable of work that exists in significant numbers in the national economy such as a production worker and a sewing

4

machine operator, and thus, Plaintiff was not disabled.

The only medical evidence of record is from Dr. Patricia Walz, Ph.D. and Dr. Donahue, Ph.D. Both physicians appear to have submitted their assessment of Plaintiff in relation to this case. There is no evidence in the record that Plaintiff pursued any independent medical treatment since his alleged onset date.

The ALJ evaluated the opinion of Dr. Donahue, summarizing the doctor's findings. Dr. Donahue found Plaintiff moderately limited in some areas of mental functioning, but not significantly limited in any areas. He also found that Plaintiff could do work with some interpersonal contact. Similarly, the ALJ evaluated the findings of Dr. Walz which reflected poor ability with complex instructions, but a fair ability to follow work rules, use judgment, interact with supervisors, function independently, and remember and carry out detailed, but not complex job instructions.

The ALJ found that claimant's testimony was generally credible and consistent with the medical record, but did not indicate total disability. Given Plaintiff's testimony and the medical evidence, the decision of the ALJ is supported by the substantial evidence of record with little evidence of record to detract from the ALJ's conclusions. Further, the Court finds no erroneous application of law by the ALJ.

### IV. CONCLUSION

For the foregoing reasons, the decision of the ALJ is supported by the substantial evidence of the record as a whole

and is **AFFIRMED**.  Plaintiff's case is **DISMISSED WITH PREJUDICE.**

    **IT IS SO ORDERED.**

DATE: October 31, 2006

                                       /s/ Robert T. Dawson
                                       HONORABLE ROBERT T. DAWSON
                                       UNITED STATES DISTRICT JUDGE

AO72A
(Rev. 8/82)